J.

## Darlington v. Darlington

*Jill Gehman Koestel,* for plaintiff.
*Joan B. Darlington,* pro se.

KELLER, *J.,* October 30, 2006—The plaintiff and defendant were married on June 10, 1967 and are the parents of three adult children. The parties separated in October of 1990 and have not cohabitated since that time.

A complaint in divorce and an affidavit pursuant to section 3301(d) of the Divorce Code were filed by plaintiff on October 12, 2005. A special master's hearing was held on June 15, 2006.

The master's report and recommendations were filed by Jeffrey J. Howell, Esquire on June 21, 2006. Defendant filed exceptions to the master's report and recommendations on June 30, 2006. After two Berks County Court of Common Pleas judges recused themselves, this case was assigned to the Honorable Scott D. Keller and argument on the defendant's exceptions was heard on September 11, 2006. The defendant's exceptions were denied on that date for procedural reasons, as she failed to obtain a transcript of the master's hearing and failed to file a brief. A divorce decree was signed on September 11, 2006. An amended decree was signed on September 14, 2006, noting that exceptions had been filed but were denied. The recommendations of the special master were incorporated into the decree by reference and made an order of court.

On October 6, 2006, defendant filed a timely notice of appeal to this court's order of September 14, 2006. On October 11, 2006, defendant was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 14 days. On October 25, defendant did file her concise statement, raising only the following issue:

"I, Joan Darlington, petitioner and defendant, claim that it is inappropriate to leave a wife of 39 years without any provision. Petitioner seeks insurance provision for five years supplementing her medicare and to be named pension beneficiary upon plaintiff's death. The hearing master failed to take into account the petitioner's need

for continued medical treatment and the need for medical benefits."

These precise issues were addressed by the master in his report and recommendation. Defendant has requested that she be named as a beneficiary of the term life insurance policy provided to plaintiff through his employment with the Keystone School District. She made a similar request regarding his Pennsylvania State Employees Retirement System (PSERS) pension. Only property acquired "prior to the date of final separation" is marital property and therefore subject to equitable distribution. *McCoy v. McCoy,* 888 A.2d 906, 910 (Pa. Super. 2005). As the parties separated in October 1990 and the plaintiff did not commence employment with the Keystone School District until his relocation to western Pennsylvania following the final separation. Clearly the life insurance policy is not marital property. Similarly, the plaintiff participated in the PSERS program during the marriage but withdrew his contributions in the amount of $33,000 to support his family at or about the time he resigned from his position at the Antietam School District. Although the plaintiff continues to participate in the PSERS retirement plan, any contributions currently in the account were made subsequent to the date of final separation and are thus non-marital as well. Pursuant to 23 Pa.C.S. §3501(a)(3), which states that "marital property does not include . . . property acquired after final separation until the date of divorce," the master properly denied defendant's request to be named a beneficiary of his life insurance and pension plans.

In her concise statement, defendant also alleges that the master failed to take into account her need for continued medical treatment and the need for medical ben-

efits. We disagree entirely. In the findings of fact contained in his report and recommendation, the master found that the defendant receives $379 monthly from the plaintiff pursuant to a court order. The plaintiff has been paying this support since the parties initially separated 15 years ago. She also receives $987 monthly in Social Security disability benefits. Defendant also receives $1,000 monthly from an annuity purchased by her mother and these payments will continue at this fixed rate until defendant's death. The master found that the defendant has reasonable monthly expenses of $1,390 and that she will have medical insurance after the divorce through the medicare program. The master further found that there was no evidence in the record to show that any post-decree uninsured dental and psychiatric expenses exceeded the sum of $600 monthly and therefore found that there was no economic basis upon which to award Wife alimony. A master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties. *Moran v. Moran,* 839 A.2d 1091, 1094 (Pa. Super. 2003). We agreed with the master's recommendation that the defendant's request to be designated as a beneficiary on plaintiff's life insurance and pension plans be denied, because they are not marital property and she did not present any evidence that an award of alimony is necessary.

For all of the foregoing reasons, this court respectfully requests that the defendant's appeal be denied and the order of September 14, 2006, denying her exceptions to the master's recommendations and divorcing the parties from the bonds of matrimony be affirmed.